

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-21-00157-CV
_____

IN THE INTEREST OF N.B., A CHILD

On Appeal from the County Court at Law No. 2
Lubbock County, Texas
Trial Court No. 2020-538,553, Honorable Kara L. Darnell, Presiding

July 30, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant father, P.B., appeals from the trial court's order terminating his parental rights to N.B., a child.[1]  We dismiss the appeal.

On January 26, 2021, the trial court signed the *Final Order of Termination of Parental Rights.*  The following day, January 27, the trial court signed the *Final Order of Termination of Parental Rights (Nunc Pro Tunc).*  Accordingly, P.B.'s notice of appeal was

---

[1] To protect the privacy of the parties involved, we refer to them by their initials.  *See* TEX. FAM. CODE. ANN. § 109.002(d) (West Supp. 2020); TEX. R. APP. P. 9.8(b).  We also note that the mother's parental rights were terminated but she did not appeal.

due within twenty days after the nunc pro tunc order was signed, that is by February 16, 2021. *See* TEX. R. CIV. P. 329b(h); TEX. R. APP. P. 26.1(b), 28.4(a)(1). He filed a notice of appeal on July 6, 2021.

By letter of July 8, 2021, we notified P.B. that his notice of appeal appeared untimely and directed him to file a response showing grounds for continuing the appeal. On July 27, 2021, P.B. filed a letter requesting an extension of time to file the late appeal and appointment of appellate counsel.

A timely notice of appeal is essential to invoking this Court's jurisdiction. *See* TEX. R. APP. P. 25.1(b), 26.1; *Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997). Notwithstanding that the Texas Supreme Court has directed us to construe the Rules of Appellate Procedure reasonably and liberally so that the right of appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of those rules, we are prohibited from enlarging the time for perfecting an appeal in a civil case. *See* *Verburgt*, 959 S.W.2d at 616-17; TEX. R. APP. P. 2 (providing that we may not suspend a rule's operation or order a different procedure to alter the time for perfecting an appeal).

Because this Court has no discretion to permit an untimely filed notice of appeal to confer jurisdiction over an appeal, we deny P.B.'s requests for an extension of time and appointed counsel and dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

Additionally, P.B. failed to pay the required filing fee upon filing his notice of appeal. By letter of July 7, 2021, we notified P.B. that unless he was excused from paying court costs under Rule of Appellate Procedure 20.1, failure to pay the filing fee by July 19 would

2

result in dismissal of the appeal.  On July 27, 2021, P.B. filed a letter claiming that he is indigent and requesting that the Court waive the filing fee.  P.B. failed, however, to file a statement of inability to afford payment of court costs or provide the Court with any information concerning his inability to pay costs.  *See* TEX. R. CIV. P. 145; TEX. R. APP. P. 20.1.  We, therefore, also dismiss this appeal due to P.B.'s failure to comply with a requirement of the appellate rules and a notice from the clerk requiring action within a specified time.  *See* TEX. R. APP. P. 42.3(c).

The appeal is dismissed.

Per Curiam